The cause stood continued for advisement, and, at this term, the opinion of the Court was delivered by
Parsons, C. J.
An act of the United States was passed, July 14, 1798, to lay and collect a direct tax, to be assessed on dwelling-houses, lands, and slaves, agreeably to an act before passed, providing for a valuation of dwelling-houses and lands, and [ * 381 ] for the enumeration of slaves. By the 4th section, * the supervisors were to subdivide their districts into collection districts, and within each of them to appoint a collector. By the 6th section, each collector was to be furnished with a list of the assessments within his collection district; and, by the 9th section, he was authorized to demand and collect the taxes committed to him, by giving the public notice, and by proceeding as therein directed. By the 11th and 12th sections, when the person, under whose care and superintendence the estate assessed was situated, or found, was not in his collection district, he was required to certify the same to the surveyor of the assessment district within which such person resided, if known, and the surveyor was to cause notifications to be made, and such person might pay his tax within the collection district in which he resided. By the 13th section, which *335 is principally relied upon by the plaintiff, the collector is authorized, after giving the notice there required, and the taxes remaining unpaid for a year, to sell at public auction so much of the land as might be necessary to pay the taxes, with the costs and charges of sale. And there is a proviso, that the owner may redeem, by paying to the collector, for the use of the purchaser, within two years, the amount of the taxes, costs and charges, with twelve per cent, interest, on which payment, or the tender thereof, the sale shall be void. And no deed shall be given, in pursuance of such sale, until the time of redemption shall have expired. By the 14th section, the collector is obliged to account, and pay over, monthly, the moneys he shall have collected.
In this action, the gravamen complained of by the plaintiff is substantially thus stated: That the defendant was the collector of the fifteenth collection district in the second division of Massachusetts; that the lands described in his writ were situate, and legally assessed in his district; that, for default of payment of the taxes, the defendant duly advertised the lands for sale at public auction; that they were sold to the plaintiff, the highest bidder, for 23 dollars, 68 cents, Being the amount of the taxes, with costs and charges of sale ; that the owner did not redeem them within two years; that, after the expiration of the two years, the plaintiff demanded a deed of conveyance of the defendant, who refused to execute any deed, and for this refusal he brings his action.
* The declaration contains four counts, of which we [ * 382 ] lay aside the first, as the plaintiff does not rely upon it. Of the three last, two, the second and fourth, allege a promise of the defendant, in consideration of the sale at auction to the plaintiff, and of his payment of the money, to execute to him a deed of conveyance of the lands sold. To prove the promise, the plaintiff produces the conditions of the sale under the hand of the defendant; but, in these conditions, there is no intimation that the defendant would execute any deed to the purchaser after the expiration of two years, if not before that time redeemed. He also produced the defendant’s receipt for the money paid by the plaintiff for the taxes on the land struck off to him, with the charges, for which the defendant is to account, as the law directs. Neither is there in this receipt any promise of the defendant to execute any deed conveying the land. And, by the 14th section of the statute, he was obliged, within one month, to account for, and to pay over the money. The papers offered had, therefore, no legal tendency to prove an express promise of the defendant to execute any deed of conveyance of the land struck off to the plaintiff.
But his counsel insist that those papers would have proved facts *336 whence the law would imply a promise of the defendant to execute such a conveyance. This appears to us to be a mistake, We know of no decision that, in any case, the law will imply a promise to convey land, on which an assumpsit can be maintained at law. And it is very certain that no such action can be maintained, since the statute of frauds has required a memorandum in writing of the party charged with the contract, or agreement, to convey land, for the breach of which he is sued. The argument to support the inference of an implied contract, is founded on the position, that it was the collector’s duty to have made the conveyance, and that the law implies a promise of every man, that he will do his duty. If the position was right, that it was the collector’s duty to have made the conveyance, the inference would not be, in this case, just.- For the remedy against a public officer, for neglect or misbehavior in executing his office, is generally by an action of the case, alleging his misdemeanor; or sometimes by an action of debt, according to the nature of the misfeasance, but not by an assumpsit, as implied by law.
[ * 383 ] * The plaintiff’s third count is for money had and received. And we do not see how the evidence rejected could, in any manner, have tended to support this count. The money was not paid by mistake, or on a consideration which had failed, or obtained by deceit or imposition, or detained by the defendant against good conscience. He received the money in trust for the United States in the due course of his official duty, and to them he either has accounted or must account.
If the plaintiff had sued a special action of the case against the defendant for a misfeasance in his, office, in not executing the conveyance when requested, we must then have determined whether his neglect was a breach of his duty. At common law, a title to land by purchase must be conveyed by deed ; but by statute, a title may be acquired without deed. In the present case, whether the title of the plaintiff was complete by his purchase at auction without deed, or whether a subsequent deed was necessary, or whether, if it was, the defendant ought to have executed it, are questions which must depend on the construction of the several statutes of the United States on this subject; particularly on the 13th section of the statute of July 14th, 1798, the 5th section of, the statute of March 16th, 1802, and the 5th section of the statute of March 3d, 1804. On these questions we give no opinion, as we are satisfied that the evidence offered upon the trial was properly rejected, and that the direction of the judge was right.

Judgment must be entered according to the verdict.